UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT NEIL ANDERSON,

    Petitioner,

    v.                                        Crim. No. 04-197-HA
                                                Civil No. 06-171-HA

UNITED STATES OF AMERICA,       OPINION AND ORDER

    Respondent.

_____

HAGGERTY, Chief Judge:

    With assistance of counsel, defendant Robert Neil Anderson (petitioner) filed a motion to reduce his sentence [83] and a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 [84]. Counsel subsequently was granted permission to withdraw from this action, and petitioner was ordered to proceed *pro se*. *See* Minute Order of February 7, 2007 [105]. Petitioner

1 -  OPINION AND ORDER

was granted leave to file a supplemental brief in support of his petition, which he did. The court has considered all briefing filed by counsel and petitioner, and the entire record. For the following reasons, this action is dismissed.

## BACKGROUND

Petitioner entered a guilty plea to Count 1 of a Superseding Information on November 24, 2004. Judgment sentencing petitioner to seventy-eight months was entered on February 9, 2005.

Petitioner obtained new counsel and moved to reduce his sentence or to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. For the purposes of evaluating these motions, they are construed liberally and in the light of presenting challenges involving the quality of assistance petitioner received from his prior counsel.

## STANDARDS

Petitioner seeks relief under 28 U.S.C. § 2255. That statute provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in original). The court may deny a hearing if the petitioner's allegations, viewed against the record, fail to state a claim for relief or are "so palpably

incredible or patently frivolous as to warrant summary dismissal." *United States v. Popoola*, 881 F.2d 811, 812 (9th Cir. 1989) (quoting *Marrow v. United States*, 772 F.2d 525 (9th Cir. 1985)); *see also United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989).

To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle the petitioner to relief. *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990). Mere conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993); *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

This court has reviewed the Record and the parties' briefs, and has determined that a hearing is unnecessary. The petition is denied.

## ANALYSIS

Petitioner clarified his arguments in his Reply brief, indicating that he is asserting that his counsel at sentencing failed to "mitigate the 'Safety Valve'," resulting in an "overrepresentation" of petitioner's criminal history, and that his sentencing counsel was ineffective in plea negotiations. Reply at 3. Essentially, petitioner challenges the performance of his counsel at sentencing, and the fairness inherent in the totality of the circumstances surrounding his plea and sentence. These arguments have been considered and are rejected.

To prevail on a claim of ineffective assistance of counsel, a petitioner must prove both incompetence of counsel and prejudice to petitioner's case. The petitioner bears the burden of showing that counsel's performance was unreasonable in light of the prevailing professional norms and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of

the proceeding would have been different."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The reasonableness of counsel's performance is judged based on the facts of the particular case as they were known at the time of counsel's conduct.  *Bell v. Cone*, 535 U.S. 685, 698 (2002).

Failure to make the required showing on either the "incompetence" prong or the "prejudice" prong "defeats the ineffectiveness claim."  *Strickland*, 466 U.S. at 700.

To establish ineffective assistance of counsel, petitioner must establish both deficient performance by counsel and that the deficiency prejudiced the petitioner.  *Williams v. Calderon*, 52 F.3d 1465, 1469 (9th Cir. 1995).  There is no need to evaluate the counsel's performance if the petitioner fails to show that prejudice resulted from the counsel's alleged errors.  *Strickland*, 466 U.S. at 697.

If prejudice from the alleged errors is shown, petitioner must overcome a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *United States v. Palomba*, 31 F.3d 1456, 1460 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 690).  "The essence of an ineffective assistance of counsel claim is that counsel's conduct so undermined the proper functioning of the adversarial process" that the results of the subsequent trial or plea "cannot be relied on as having produced a just result."  *Williams*, 52 F.3d at 1469 (internal quotations omitted).

To establish deficient performance, the petitioner must first demonstrate that counsel not merely committed errors, but also performed outside the "wide range of professionally competent assistance."  *Strickland*, 466 U.S. at 690.  Petitioner must show that counsel's representation failed to meet an objective standard of reasonableness.  *Id*. at 688.  To establish prejudice, petitioner must

show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Williams*, 52 F.3d at 1469 (quoting *Strickland*, 466 U.S. at 694).

Specifically, petitioner must show that counsel committed errors that a reasonable, competent lawyer, acting as a diligent and conscientious advocate, would not make, and that prejudice resulted. *Katz v. United States*, 920 F.2d 610 (9th Cir. 1990); *Tinsley v. Borg*, 895 F.2d 520 (9th Cir. 1990) (citing *Strickland*). The test is whether the assistance was reasonably effective under the circumstances, and judicial scrutiny must be highly deferential, with the court indulging a strong presumption that the attorney's conduct falls within the wide range of reasonable professional assistance. *Id*.

In this case, petitioner bases his assertion of ineffective assistance of counsel on the fact that it was his understanding that the "parties jointly recommended a sentence at the low end of the final adjusted guideline range," and that the court should determine that range after "considering all the mitigating factors pertinent to such determination." Reply at 4.

The court has carefully examined the record as it pertains to petitioner's claims, and determines that petitioner's claims and the allegations of ineffective assistance of counsel are insufficient to require a hearing. *See Johnson*, 988 F.2d at 945; *Hearst*, 638 F.2d at 1194. This court's review of the record, and the findings and conclusions made at sentencing, confirms that petitioner's attorney performed well within the "wide range of professionally competent assistance" and the negotiations and the sentence that resulted did not fail to meet an objective standard of reasonableness.

Petitioner points to no specific conduct or decision-making on the part of his counsel as falling below the standard of adequate assistance.  Instead, petitioner's complaint is that it was his "understanding" that he would receive a "sentence at the low end of the final adjusted guideline range."  The record establishes that petitioner received such a sentence, and that his wife obtained benefits.  It cannot be concluded fairly that the conduct of petitioner's counsel fell outside the wide range of reasonable professional assistance.  Accordingly, there are no grounds for concluding that counsel failed to adequately represent petitioner, or that petitioner's sentence should be reduced.

**CONCLUSION**

Petitioner Robert Neil Anderson's Motion to Reduce Sentence [83] and Motion to Vacate Sentence [84] are DENIED.

IT IS SO ORDERED.

DATED this    7    day of December, 2007.


              /s/ Ancer L. Haggerty              
                Ancer L. Haggerty
             United States District Judge

6  -  OPINION AND ORDER